1  PETER C. ANDERSON
   United States Trustee
2  **Michael J. Hauser, (State Bar No. 140165)**
   **Attorney for the U.S. Trustee**
3  OFFICE OF THE UNITED STATES TRUSTEE
   Ronald Reagan Federal Building
4  and U.S. Courthouse
   411 West Fourth Street, Suite 9041
5  Santa Ana, CA 92701-8000
   Telephone: (714) 338-3400
6  Facsimile: (714) 338-3421
   E-mail: Michael.Hauser@usdoj.gov
7

8

9              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
10                  SANTA ANA DIVISION

11

12 IN RE:                        )   CHAPTER 11
                                 )
13 **IVAN WANCHUEN HO**          )   CASE NUMBER: **8:11-bk-12319-ES**
   **KAREN KAY HO**              )
14                               )   NOTICE OF MOTION AND MOTION
                                 )   BY UNITED STATES TRUSTEE TO
15                               )   DISMISS OR CONVERT CASE TO
                                 )   ONE UNDER CHAPTER 7 PURSUANT
16                               )   TO 11 U.S.C. § 1112(b);
                                 )   AND, REQUEST FOR JUDGMENT FOR
17                               )   ANY QUARTERLY FEES DUE
                                 )   AND PAYABLE TO THE U.S. TRUSTEE
18                               )   AT THE TIME OF THE HEARING;
                                 )   DECLARATION OF MARILYN
19                               )   SORENSEN; AND EXHIBITS
                                 )
20                               )
                                 )   DATE: **May 12, 2011**
21                               )   TIME: **10:30 a.m.**
             Debtors.            )   CTRM: **"5A"**
22 _____)

23    **TO THE HONORABLE ERITHE SMITH, DEBTORS, DEBTORS' COUNSEL, AND**
      **OTHER PARTIES IN INTEREST:**
24
25    1.   **NOTICE IS HEREBY GIVEN** that on the above date and time and in

26         the indicated courtroom, the United States Trustee for Region

27         16 (hereafter "U.S. Trustee) will move, and does hereby move

28         this Court for an Order dismissing or converting this case on

1  the grounds set forth below.  In addition, the U.S. Trustee
2  hereby requests that this Court fix any Quarterly Fees due and
3  payable to the U.S. Trustee at the time of the hearing of this
4  motion and grant judgment in favor of the United States
5  Trustee for said fees.

6  2.  If you wish to oppose this Motion, you must **file a written**
7  **response** with the Bankruptcy Court and serve a copy of it upon
8  the U.S. Trustee at the address set forth in the upper left-
9  hand corner of this document, upon the Debtor and the Debtor's
10 attorney **no less than fourteen (14) days** prior to the above
11 hearing date.  If you fail to file a written response to this
12 Motion within such time period, the Court may treat such
13 failure as a waiver of your right to oppose the Motion and may
14 grant the requested relief. *Local Bankruptcy Rule 9013-1(f)*
15 *and (h)*.

Respectfully Submitted,

OFFICE OF THE UNITED STATES TRUSTEE

Dated: April 21, 2011    /s/ Michael J. Hauser
MICHAEL J. HAUSER
Attorney for the U.S. Trustee

## I.

## INTRODUCTION

The U.S. Trustee is seeking to dismiss or convert this case to one under Chapter 7 pursuant to 11 U.S.C. § 1112(b) for the following reasons:

(1) The Debtors failed to disclose the transfer of more than $500,000 to a relative within one year of this filing;

(2) Despite the passage of two months in Chapter 11, the Debtors have never sought this Court's permission to use cash collateral;

(3) The Debtors have not complied with any of the U.S. Trustee's 7-day requirements, which were due on February 28. These requirements include but are not limited to providing proof that they have closed all pre-petition bank accounts, have opened debtor-in-possession bank accounts and have insurance in place;

(4) To date, the Debtors have failed to file Monthly Operating Reports ("MORS") for February and March 2011;

(5) Debtors filed inaccurate schedules and have yet to amend them notwithstanding an agreement to do so by April 12, 2011;

(6) Debtors have been in Chapter 11 for over two months and have not filed an application to employ counsel, who was paid a $60,000 retainer; and

(7) The Debtors violated a Court order by failing to file a Status Report in connection with the April 21 status conference.

II.

**STATEMENT OF FACTS**

1. **Filing of Petition, Schedules and Statement of Financial Affairs**

On February 19, 2011, Ivan Wanchuen Ho and Karen Kay Ho (the "Debtors") filed a skeletal, voluntary Chapter 11 petition. **See PACER docket at Exhibit "A" and Debtors' Skeletal Petition at Exhibit "B"**. On March 8, 2011, the Debtors filed their Schedules and Statement of Financial Affairs ("SOFA"). **See Exhibit "C"**.

The Debtors' Schedule A indicates they own six parcels of real property, which include:

    A.   3 Augusta, Trabuco Canyon, CA
           Family Residence
           Mortgage of $937,612
           Fair Market Value $1,600,000[1]

    B.   6 Wigeon Lane, Aliso Viejo, CA
           Mortgage of $168,000[2]
           Fair Market Value $545,000[3]

    C.   14567 N. 132nd Avenue, Surprise, AZ
           ("Arizona Property")
           Single Family Residence
           Mortgage of $187,648
           Fair Market Value $93,000

    D.   31225 Triborough Drive, Wesley Chapel, FL
           ("Florida Property")
           Single Family Residence
           Mortgage of $147,115
           Fair Market Value $110,000

---

1. At the April 5, 2011 §341(a) examination, the Debtors testified that the $1,600,000 valuation in the original schedules was incorrect; the actual fair market value of their residence in Trabuco Canyon is $1,100,000.

2. Schedule A indicates that the "loan is in the name of Colleen and King Ho".

3. At the April 5, 2011 §341(a) examination, the Debtors testified that the $545,000 valuation in the original schedules was incorrect; the actual fair market value of the Aliso Viejo Property is approximately $400,000.

-4-

|   |   |   |
|---|---|---|
| 1 | E. | 2413 Gooseberry Circle, Lexington, KY ("Kentucky Property") |
| 2 |   | Single Family Residence<br>Mortgage of $150,601 |
| 3 |   | Fair Market Value $140,000 |
| 4 | F. | 135 E. Harmon Avenue, Las Vegas, NV ("Las Vegas Property") |
| 5 |   | Condo Hotel - rented out by the night/week<br>Mortgage of $367,500 |
| 6 |   | Fair Market Value $110,000 |

See Exhibit "C" at bates stamp page 26.

Debtors list no Schedule E debt and Schedule F debt in the amount of $1,002,538. See Exhibit "C" at bates stamp pages 36-39.

2.  **Failure To Disclose The Transfer of More Than $500,000 To a Relative Within A Year Of Filing**

A third party advised the U.S. Trustee that the Debtors had sold a business in the year before the filing. This information is not disclosed in SOFA #10 or anywhere else in the schedules. The U.S. Trustee questioned the Debtors at their April 5, 2011 §341(a) examination regarding this transfer. They testified that in September 2010 they sold their Laguna Hills dental practice (Ivan W. Ho, DDS, Inc.) for a gross sales price of $675,000. Bank of America, which held a blanket lien of $135,000, was paid from the sales proceeds. The remaining funds, a sum of approximately $545,000, were paid to Dr. Ho's mother-in-law for an unsecured loan. See the Declaration of Marilyn Sorensen ("Sorensen Dec.") at ¶3.

3.  **Debtors Continue to Operate Rental Properties Despite Never Having Obtained Consent to Use Cash Collateral**

At the §341(a) examination on April 5, 2011, the Debtors testified that they are collecting rental income from the Florida, Kentucky and Las Vegas Properties. However, since filing their petition in February 2011, no cash collateral motions or

1  stipulations to obtain a lender's consent have been filed.
2  **See Exhibit "A"**.
3      4.    **Failure To Comply With U.S. Trustee Requirements**
4      On February 22, 2011, the U.S. Trustee sent e-mail
5  correspondence to Debtors' counsel advising him of the necessity
6  to comply with the U.S. Trustee's requirements within seven days
7  of the filing date. **See Exhibit "D" and Sorensen Dec. at ¶5**.
8      To date, the Debtors have not complied with <u>any</u> of the U.S.
9  Trustee requirements including:
10         A.    Proof that debtor-in-possession bank accounts have been opened;
11
12         B.    Proof that all pre-petition bank accounts have been closed;
13         C.    Evidence that insurance is in place for all property that they own;
14
15         D.    Tax returns;
16         E.    Real Property Questionnaires;
17         F.    A projected cash flow statement.
18     5.    **Failure To File Monthly Operating Reports**
19     According to the Court docket and the U.S. Trustee records,
20 the Debtors have not filed their Operating Reports for the months
21 of February and March, 2011. **See the Sorensen Dec. at ¶6**
22     6.    **Amended Schedules Have Not Been Filed**
23     At the Debtors' April 5, 2011, §341(a) meeting of
24 creditors, Dr. and Mrs. Ho testified that their valuations listed
25 on Schedule A were inaccurate; further, they failed to list the
26 sale of their dental practice and the subsequent transfer of over
27 $500,000 in proceeds therefrom to a relative; and, they failed to
28 identify their dental practices in response to SOFA #18. **See**

-6-

Schedules and Statement of Financial Affairs at Exhibit "C". Accordingly, counsel for the Debtors was advised to amend their schedules and counsel agreed to make the necessary amendments by April 12, 2011. To date, no amendments have been filed with the Court. **See** Sorensen Dec. attached hereto and Exhibit "A".

### 7. An Application To Employ Mr. Giordano Has Not Been Filed

According to the Court docket, the Debtors have not yet filed an application to employ counsel, although Mr. Giordano has represented the Debtors since preparing the Petition on February 19. **See Exhibit "A"**. In the February 22nd Correspondence (see ¶4 above), the U.S. Trustee's Office reminded Mr. Giordano of the need to file an application to be employed with the Court. This requirement is especially important in this case, because Mr. Giordano has received a $60,000 retainer from the Debtors for his services.[4] **See Exhibit "C"**, bates stamp page 55.

### 8. Failure to Comply With A Court Order

On March 9, 2011, this Court entered an Order (1)Setting Hearing On Status of Chapter 11 Case; and (2) Requiring Report On Status of Chapter 11 Case. The Court's March 9 Order provides that "...failure to comply with any provision of this order may be deemed consent to the conversion or dismissal of this case." **See the March 9 Order at Exhibit "E"**. On April 14, 2011, the U.S. Trustee filed comments for the above-referenced status conference. The U.S. Trustee's comments, which were

---

4. Concurrent with the filing of this motion, the U.S. Trustee is filing a Motion with this Court to Determine Whether Fees Paid to Counsel were Excessive pursuant to 11 U.S.C. §329.

electronically served on Debtors' counsel, highlighted the deficiencies described in the above statement of facts. **See Exhibit "F"**. Despite the filing of U.S. Trustee comments a week before the April 21 status conference, the Debtors never filed their status report in violation of this Court's order. **See PACER docket Exhibit "A"**.

### III.

### POINTS AND AUTHORITIES

The U.S. Trustee respectfully submits the following memorandum of points and authorities in support of his motion to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b). Under 11 U.S.C. § 1112(b)(4), the Court may dismiss or convert a case if a movant establishes "cause."

**(1) Cause Exists Because The Debtors Have Not Complied With the U.S. Trustee's Notice of Requirements**

Under § 1112(b)(4)(F), the term "cause" includes "unexcused failure to satisfy timely any filing or reporting requirements established by this title or by any rule applicable to a case under this chapter." Moreover, under § 1112(b)(4)(H), **the term** "cause" includes "failure to timely provide information or attend meetings reasonably requested by the United States Trustee..." Additionally, Local Bankruptcy Rule 2015-2(b) also provides that timely compliance with the reasonable requirements of the U.S. Trustee is mandatory.

In the present case, the Debtors have failed to satisfy the U.S. Trustee's compliance requirements as set forth in the U.S. Trustee Notice of Requirements including the failure to submit any of the items in the 7-day compliance package (i.e., DIP bank accounts, insurance, etc.) and Operating Reports for the months

of February and March 2011.

### (2) Cause Exists Because The Debtors Have Not Obtained Consent To Use Cash Collateral

Under § 1112(b)(4)(D), the term "cause" includes unauthorized use of cash collateral substantially harmful to 1 or more creditors. As noted above, the Debtors have multiple secured creditors with liens against their properties but have failed to comply with § 363(c)(2).

### (3) Cause Exists Under § 1112(b)(4) Because An Independent Trustee Needs To Investigate the Pre-Petition Transfer of More Than $500,000

As set forth above, the Debtors failed to disclose that in September 2010 they sold their Laguna Hills dental practice (Ivan W. Ho, DDS, Inc.) for a gross sales price of $675,000. Bank of America, which held a blanket lien of $135,000, was paid from the sales proceeds. The remaining funds, a sum of approximately $545,000, was paid to Dr. Ho's mother-in-law for an unsecured loan. Accordingly, an independent trustee is needed to investigate and analyze this transfer to determine if it is: (1) an avoidable preference under §547; and/or (2) an avoidable fraudulent transfer under §§544 and/or 548.

### (4) Cause Exists Under § 1112(b)(4)(E) Because The Debtors Failed To Comply With An Order Of This Court

Under § 1112(b)(4)(E), "failure to comply with an order of the court" is a basis to dismiss or convert a Chapter 11 case. Here, the Debtor has failed to comply with a Bankruptcy Court order which was entered on March 9, 2011. The Court's March 9 Order provides that "...failure to comply with any provision of this order may be deemed consent to the conversion or dismissal of this case." The Debtor was required to file a status report

21 days prior to an April 21, 2011 status conference yet never did.

(5) **Cause Exists Because Debtors Have Failed To Amend Their Schedules**

As noted above, the Debtors' schedules are inaccurate and despite advisements to amend them, the Debtors have failed to file any amendments with the Court.

(6) **Cause Exists Because Debtors' Proposed Counsel Has Failed To Be Employed By The Court As Required By § 327(a) and Local Bankruptcy Rule 2014-1(b)(E)**

Under 11 U.S.C. § 327(a), "the trustee, with the court's approval, may employ one or more attorneys...that do not hold or represent an interest adverse to the estate, and that are disinterested persons..." Further, pursuant to Local Bankruptcy Rule 2014-1(b)(E) an application for the employment of counsel for a debtor in possession should be filed as promptly as possible after the commencement of the case. To date, no application has been filed with the Court.

## IV.

## CONCLUSION

For each and all of the above reasons, the U.S. Trustee respectfully requests as follows:

A. That this Court grant the U.S. Trustee's motion herein and dismiss or convert this case; and

B. That this Court grant judgment in favor of the United States Trustee for any unpaid quarterly fees.

Respectfully Submitted,
OFFICE OF THE UNITED STATES TRUSTEE

Dated: April 21, 2011        /s/ Michael Hauser
                             **MICHAEL J. HAUSER**
                             Attorney for the U.S. Trustee

- 10 -

### DECLARATION OF MARILYN S. SORENSEN

I, Marilyn S. Sorensen, hereby declare as follows:

1. I have been employed by the Office of the U.S. Trustee for 25 years as a Bankruptcy Analyst. My duties and responsibilities include the review and analysis of Chapter 11 including the case of Ivan and Karen Ho. The facts stated herein are within my personal knowledge and if called upon to testify to the same I could and would testify competently thereto. This declaration is filed in support of the United States Trustee's Notice of Motion and Motion to Dismiss or Convert Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b) in case number 8:11-bk-12319-ES.

2. On February 19, 2011, Ivan Wanchuen Ho and Karen Kay Ho (the "Debtors") filed a skeletal, voluntary Chapter 11 petition. A conformed copy of the PACER docket is attached hereto at **Exhibit "A"** and a conformed copy of the Debtors' Skeletal Petition at **Exhibit "B"**. On March 8, 2011, the Debtors filed their Schedules and a Statement of Financial Affairs ("SOFA"). A conformed copy of those documents are attached hereto at **Exhibit "C"**.

The Debtors' Schedule A indicates they own six parcels of real property, which include:

    A.    3 Augusta, Trabuco Canyon, CA
           Family Residence
           Mortgage of $937,612
           Fair Market Value $1,600,000[5]

---

5. At the April 5, 2011 §341(a) examination, the Debtors testified that the $1,600,000 valuation in the original schedules was incorrect; the actual fair market value of their residence in Trabuco Canyon is $1,100,000.

    B.    6 Wigeon Lane, Aliso Viejo, CA
Mortgage of $168,000[6]
Fair Market Value $545,000[7]

    C.    14567 N. 132nd Avenue, Surprise, AZ
("Arizona Property")
Single Family Residence
Mortgage of $187,648
Fair Market Value $93,000

    D.    31225 Triborough Drive, Wesley Chapel, FL
("Florida Property")
Single Family Residence
Mortgage of $147,115
Fair Market Value $110,000

    E.    2413 Gooseberry Circle, Lexington, KY
("Kentucky Property")
Single Family Residence
Mortgage of $150,601
Fair Market Value $140,000

    F.    135 E. Harmon Avenue, Las Vegas, NV
("Las Vegas Property")
Condo Hotel - rented out by the night/week
Mortgage of $367,500
Fair Market Value $110,000

**See** Exhibit "C" at bates stamp page 26.

Debtors list no Schedule E debt and Schedule F debt in the amount of $1,002,538. **See Exhibit "C" at bates stamp pages 36-39.**

3.    A third party advised me that the Debtors had sold a business in the year before the filing. This information is not disclosed in SOFA #10 or anywhere else in the schedules. I questioned the Debtors at their April 5, 2011 §341(a) examination regarding this transfer. They testified that in September 2010 they sold their Laguna Hills dental practice (Ivan W. Ho, DDS,

---

6. Schedule A indicates that the "loan is in the name of Colleen and King Ho".

7. At the April 5, 2011 §341(a) examination, the Debtors testified that the $545,000 valuation in the original schedules was incorrect; the actual fair market value of the Aliso Viejo Property is approximately $400,000.

Inc.) for a gross sales price of $675,000. Bank of America, which held a blanket lien of $135,000, was paid from the sales proceeds. The remaining funds, a sum of approximately $545,000, was paid to Dr. Ho's mother-in-law for an unsecured loan.

  4. At the §341(a) examination on April 5, 2011, the Debtors testified that they are collecting rental income from the Florida, Kentucky and Las Vegas Properties. However, since filing their petition in February 2011, no cash collateral motions or stipulations to obtain a lender's consent have been filed. **See Exhibit "A"**.

  5. On February 22, 2011, I sent e-mail correspondence to Debtors' counsel, Thomas Giordano, advising him of the necessity to comply with the U.S. Trustee's requirements within seven days of the filing date; in this case that meant a deadline of February 28. **See Exhibit "D"**.

  To date, the Debtors have not complied with <u>any</u> of the U.S. Trustee requirements including:

   A. Proof that debtor-in-possession bank accounts have been opened;

   B. Proof that all pre-petition bank accounts have been closed;

   C. Evidence that insurance is in place for all property that they own;

   D. Tax returns;

   E. Real Property Questionnaires;

   F. A projected cash flow statement; and

   G. A Major Issues and Timetable Report

  6. According to the Court docket and the U.S. Trustee records, the Debtors have not filed their Operating Report for

the months of February and March, 2011.

7. At the Debtors' April 5, 2011, §341(a) meeting of creditors, which I conducted, Dr. and Mrs. Ho testified that their valuations listed on Schedule A were inaccurate; further, they failed to list the sale of their dental practice and the subsequent transfer of over $500,000 in proceeds therefrom to a relative; and they failed to identify their dental practices in response to SOFA #18. **See Schedules and Statement of Financial Affairs at Exhibit "C"**. Counsel for the Debtors, J. Randy Dorcy, was advised to amend the Debtors' schedules and counsel agreed to make the necessary amendments by April 12, 2011. To date, no amendments have been filed with the Court. **See Exhibit "A"**.

8. According to the Court docket, the Debtors have not yet filed an application to employ counsel, although Mr. Giordano has represented the Debtors since preparing the Petition on February 19. **See Exhibit "A"**. In the February 22nd Correspondence, I reminded Mr. Giordano of the need to file an application to be employed with the Court. **See Exhibit "D"**.

9. On March 9, 2011, this Court entered an Order (1)Setting Hearing On Status of Chapter 11 Case; and (2) Requiring Report On Status of Chapter 11 Case. The Court's March 9 Order provides that "...failure to comply with any provision of this order may be deemed consent to the conversion or dismissal of this case." See a conformed copy of the March 9 Order at **Exhibit "E"**. On April 14, 2011, the U.S. Trustee filed comments for the above-referenced status conference. The U.S. Trustee's comments, which were electronically served on Debtors' counsel, highlighted the deficiencies described in the above statement of facts. A

1 | conformed copy of the U.S. Trustee comments are attached hereto
2 | at **Exhibit "F"**.  Despite the filing of U.S. Trustee comments a
3 | week before the April 21 status conference, the Debtors never
4 | filed their status report in violation of this Court's order.
5 | **See Exhibit "A"**.
6 |     I declare under penalty of perjury that the foregoing facts
7 | are known by me to be true and correct and are based upon my
8 | personal knowledge.
9 |     Executed on April 21, 2011, in Santa Ana, California.

                /s/ Marilyn Sorensen
                MARILYN SORENSEN

- 15 -