LAW OFFICES OF J. RANDY DORCY
J. Randy Dorcy SBN 170620
9039 Bolsa Avenue.
Suite 301
Westminster, CA 92683
(714) 889-7242 / (866) 980-5030 [Fax]
DorcyLaw@Yahoo.Com

LAW OFFICE OF THOMAS P. GIORDANO
Thomas P. Giordano, SBN 155548
18101 Von Karman Avenue,
Suite 560
Irvine, CA 92612
Tel:  (714) 912-7810 / Fax:  (714) 912-7860

Proposed Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>IVAN W. HO and KAREN K. HO<br><br>Debtors-in-Possession | Case No. 8:11-bk-12319-ES<br>Jointly Administered with:<br>Case No. 8-11-bk-12320-ES<br>Chapter 11 |
| In re:<br><br>MCK ARBOURS. LLC,<br><br>Debtor-in-Possession | **OPPOSITION TO MOTION TO DISMISS OR CONVERT CASE; OPPOSITION TO MOTION TO DISGORGE; DECLARATION OF J. RANDY DORCY IN OPPOSITION.**<br><br>**DATE:  May 12, 2011**<br>**TIME:  10:30 a.m.**<br>**PLACE:  CTRM 5A** |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES:**

**OPPOSITION TO MOTION TO DISMISS**

- 1 -

# INTRODUCTION

The US Trustee has brought its motion to dismiss or convert the above captioned matter for a number of reasons including compliance issues and errors in Debtor's schedules. Prior to the hearing on this motion, Debtors will be in substantial compliance with their reporting requirements and will have appropriate applications and amended schedules filed.

The case was filed on February 19, 2011 in connection with Debtors' business MCK Arbours, LLC (also filed on that day). The purpose in filing the petitions was to stop foreclosure sales under which real property would have been lost. In light of the urgency to stop the sales, full discovery of ownership and loan status could not be completed.

Shortly after filing the petitions a motion for joint administration with case number 8:11-bk-12320-RK was filed. The MCK Arbours, LLC was re-assigned to this Court.

While the case is not a true business case, it is very complicated in comparison to other individual Chapter 11's. The Ho Debtors own MCK Arbours, LLC which is basically an operating company for Mr. Ho's Dental Practice and the commercial property for which it operates out of located at Suite 400 and 500 at 29829 Santa Margarita Parkway. Additionally the Ho's have a family trust which was created as a holding instrument for the Ho's real estate holdings. Apparently some of the real estate was transferred to the trust, but not completely. The status of ownership of the real estate was at the time the petition was filed confused.

The case also involves a dba of Debtor wife which is the property management arm of the business ventures of Debtors. There is an additional investment corporation owned jointly with a hostile creditor of the Estate and Debtor husband's personal service corporation.

Although property profiles were pulled on all the estate property, it was not readily apparent which properties had been transferred to the trust, which was held by MCK Arbours, and who the signatories to the loans were. The Law Offices of Thomas P. Giordano also ordered and pulled credit reports for Debtors, however commercial debts are not fully reported on personal credit reports so it was difficult to obtain an accurate picture of the debt structure of the Estate. In addition there is some cross-collateralization between the Ho's and MCK Arbours which also creates some confusion on the issue of ownership and obligations.

The Ho's do have property in Florida, Kentucky and Arizona as well as interests in time shares in Mexico and the Cayman Islands which required document requests to discover the extent and nature of the ownership, whether it was a traditional time share or actual ownership of land rights.

The Debtors have established dedicated DIP accounts as required and rents are being segregated in those accounts. MORs will be filed prior to the hearing on Trustee's motion to dismiss or convert as will the amended schedules and application to employ.

Likely to be the biggest concern is the issue of pre-petition transfer to an insider. Debtors had ownership interest in a corporation that was sold in August of 2010. The

funds from that sale were disbursed according to priority of liens and obligations. Debtors will provide a full accounting of all funds received and the disbursement of those funds.  In short, there was an original loan from Debtors' mother in law to the corporation sold.  The funds from the sale were deposited with the insider, of which less than 25% were retained to by the insider with the remainder being returned back to Debtors' new company in the form of advances or additional loans.  In the event it becomes necessary after the amended schedules are completed and filed, Debtors reasonably believe that they can recover funds for the Estate, however the insider will have both "new value" and "normal course of business" defenses to any potential avoidance action.

With the interplay of the Debtors' businesses, multi-state property ownership, funding of family trusts, and associated cases the fee discussed and charged by counsel is reasonable.  This is a multi-property case with an operating corporation (Debtors' personal service corporation) as well as an operating LLC (MCK Arbours, LLC.).  As the Trustee points out there will be multiple motions for cash collateral.  The properties will need to be appraised, requiring motions to employ appraisers, where not already done so and motions to value prosecuted.  Additionally the Debtors will need the assistance of accountants in both the personal side of the case as well as the two operating entities entailing additional motions to employ.  The case already has active creditors as discussed in the Trustee's motion.  This is not a simple Chapter 13 scaled up to Chapter 11.

Accordingly the fee of $60,000.00 is not out of line with the anticipated work needed in this case.  In any event, this Court will not be asked to approve an earned on receipt fee and any fees to be charged or received by Counsel will be subject to Court approval after full notice and opportunity to be heard.  Additionally all unearned fees will remain property of the Estate and returned to the Estate.  It is premature at this time to say that the estimated fees are excessive in light of the work to be done in these cases.

There is no excuse for Counsel's failure to timely file a status report in this matter.  Notwithstanding, Counsel has been working with the Debtors to try to obtain a clear picture of ownership issues, status of the Estate and compliance and expects Debtors to be fully in compliance with all Chapter 11 requirements prior to the date of this hearing.  Without making excuses for this failure, there was a breakdown of communication in this matter between proposed joint counsel.  Prior to approval of the application to be employed, the only attorney receiving notice of ECF filings is Thomas Giordano as the filing attorney.  Unfortunately Attorney Dorcy was already meeting with the Clients and preparing documents so Mr. Giordano reasonably believed that attorney Dorcy would have received the same notice of status conference and prepare the appropriate status report.  In fact the Court may take notice that the motion for joint administration was filed by Attorney Dorcy as proposed counsel for Debtors.

As with other cases, Attorney Dorcy will be proposed to be the lead counsel and responsible for all calendaring of events in Chapter 11 matters.  Attorney Giordano's belief that Dorcy would be calendaring deadlines was reasonable in this instance.  This

**OPPOSITION TO MOTION TO DISMISS**

- 5 -

occurrence pointed out a flaw in the joint representation that has since been corrected by providing Attorney Dorcy's office manager with a copy of every ECF notice received by the Giordano firm. Additionally, Attorney Dorcy had discussions with the US Trustee about this case prior to the deadline and Attorney Giordano again reasonably believed that events were being calendared and deadlines met.

Accordingly Debtors would request that this Court deny the US Trustee's motion to dismiss or convert as well as the motion to disgorge.

## LEGAL ARGUMENT

1. Compliance Issues – Have been cured.

The Trustee argues that Cause to dismiss is shown in the failure to complete the 7-Day package and file Monthly Operating Reports for the 60 days since filing. As previously stated these deficiencies are in the process of being cured and will be cured prior to the time of the hearing on this matter.

2. Cash Collateral Use – No evidence.

The Trustee rightfully points out that if the Debtors are using cash collateral for purposes other than the servicing of the secured debt or maintenance of the real property that would be cause for dismissal. However there is NO evidence of allegations that this is the case. Instead the complaint is that cash collateral motions have not been filed, not that cash collateral is being used without authorization.

3. Pre-Petition Transfer – Premature.

Debtors were not trying to hide the sale of the corporate entity pre-petition. The complaining creditor is a current business partner, there could have been no intentional hiding of that transfer, and rather it was an inadvertent error of counsel. Additionally, with respect, the US Trustee does not have the information necessary to make a determination of the extent of the transfer, nor its validity. The transfer will be disclosed in full prior to the hearing on this matter as discussed above.

4. <u>Failure to Comply with Court Order – Excusable Error.</u>

As discussed above, the failure to calendar the status conference statement deadline was due to a break-down of communication between co-counsel which has now been corrected.

5. <u>Amended Schedules - Cured</u>

The Trustee also argues that cause exists due to failure to file amended schedules. That would be true except for the situation where Debtors do actually amend schedules to reflect accurate assets and debts as will be done in this case prior to the hearing on the motion to dismiss. Often during the course of Chapter 11 cases amended schedules will be filed as the Debtors and counsel working together clarify status and different issues.

6. <u>Employment – Cured.</u>

Prior to the hearing on this matter, the Court will have counsel's application to be employed and can make the appropriate ruling on the adequacy thereof when appropriate.

7. <u>Reasonableness / Disgorgement – Premature.</u>

The Trustee asks this Court to determine that the fees in this matter are not reasonable and order disgorgement thereof. This request is slightly premature.

Counsel's compensation will always be subject to the Court's review and order regarding necessity and reasonableness. And if in fact Counsel in this matter is not granted an approved application it will not be entitled to post petition funds billed. There are no requests yet before this Court for payment, thus the Trustee's argument on that regard fails the factual application to the case at bar.

The Trustee makes the argument that a late application precludes employment entirely is simply not supported by any case law or by the common sense of the Court which has seen late filed applications and late filed employment approved.

It seems by the Trustee's motion that it is getting ahead of itself. If in fact the case is dismissed or converted then the Trustee's arguments are at least applicable to the fact pattern. As if almost always the case in Chapter 11 cases the full services provided in the case come during the middle and end of the case, not the beginning. The Trustee's argument presumes somehow that the Giordano Firm would look to earn the full amount of the $60,000.00 fees at the very earliest stage of the case, not where the majority of work will be performed. Counsel understands that any post petition fee awarded in this case will be subject to Court approval and order. Thus until the Court orders the case dismissed, there is no need to disgorge or determine the reasonableness of the fees to be charged. That issue will become present at the time Counsel seeks to get paid for the work performed of which the Trustee complains.

The Trustee goes on to identify the conduct of the Giordano Firm. However this overlooks the joint employment application to be filed which in the past has been proposed to cure the deficiencies identified by the Trustee in past cases, and will be done so in this matter as well.

## CONCLUSION

Debtor therefore requests that this Court deny the Trustee's motion in this matter. This case will come under intense scrutiny both by the US Trustee and Court, as well as by the active and objecting creditor. Any further defects for deficiencies will likely immediately be brought before the Court which should cure any concerns regarding the administration of the Estate.

Respectfully submitted this 3rd day of May, 2011.

LAW OFFICES OF J. RANDY DORCY

BY: _____
J. Randy Dorcy, proposed attorneys
for Debtors in Possession.

# DECLARATION OF J. RANDY DORCY

I, J. Randy Dorcy, hereby declare and state:

1. I am one of the proposed attorneys for Debtors in the above captioned matter. I am licensed to practice before this Court and the Courts of the State of California. I have personal knowledge as to all facts set forth below and if called as a witness to testify thereto I could and would competently do so.

2. The US Trustee has brought its motion to dismiss or convert the above captioned matter for a number of reasons including compliance issues and errors in Debtor's schedules. Prior to the hearing on this motion, Debtors will be in substantial compliance with their reporting requirements and will have appropriate applications and amended schedules filed. I am working with Debtors currently on all compliance issues.

3. The case was filed on February 19, 2011 in connection with Debtors' business MCK Arbours, LLC (also filed on that day). The purpose in filing the petitions was to stop foreclosure sales under which real property would have been lost. In light of the urgency to stop the sales, full discovery of ownership and loan status could not be completed. Although I tried to discover the nature of the ownership and obligation on the properties, I could not ascertain from the credit reports and property profiles the ownership of the properties.

4. Shortly after filing the petitions a motion for joint administration with case number 8:11-bk-12320-RK was filed. The MCK Arbours, LLC was re-assigned to this Court.

5.  While the case is not a true business case, it is very complicated in comparison to other individual Chapter 11's. The Ho Debtors own MCK Arbours, LLC which is basically an operating company for Mr. Ho's Dental Practice and the commercial property for which it operates out of located at Suite 400 and 500 at 29829 Santa Margarita Parkway. Additionally the Ho's have a family trust which was created as a holding instrument for the Ho's real estate holdings. Apparently some of the real estate was transferred to the trust, but not completely. The status of ownership of the real estate was at the time the petition was filed confused. I have been working with the Debtors to track down the chain of purchases and transfers to get a clear picture of the Estate.

6.  The case also involves a dba of Debtor wife which is the property management arm of the business ventures of Debtors. There is an additional investment corporation owned jointly with a hostile creditor of the Estate and Debtor husband's personal service corporation.

7.  Although property profiles were pulled on all the estate property, it was not readily apparent which properties had been transferred to the trust, which was held by MCK Arbours, and who the signatories to the loans were. The Law Offices of Thomas P. Giordano also ordered and pulled credit reports for Debtors, however commercial debts are not fully reported on personal credit reports so it was difficult to obtain an accurate picture of the debt structure of the Estate. In addition there is some cross-collateralization between the Ho's and MCK Arbours which also creates some confusion

**OPPOSITION TO MOTION TO DISMISS**

- 11 -

on the issue of ownership and obligations.

8.  The Ho's do have property in Florida, Kentucky and Arizona as well as interests in time shares in Mexico and the Cayman Islands which required document requests to discover the extent and nature of the ownership, whether it was a traditional time share or actual ownership of land rights.

9.  The Debtors have established dedicated DIP accounts as required and rents are being segregated in those accounts. MORs will be filed prior to the hearing on Trustee's motion to dismiss or convert as will the amended schedules and application to employ.

10. Likely to be the biggest concern is the issue of pre-petition transfer to an insider. Debtors had ownership interest in a corporation that was sold in August of 2010. The funds from that sale were disbursed according to priority of liens and obligations. Debtors will provide a full accounting of all funds received and the disbursement of those funds. In short, there was an original loan from Debtors' mother in law to the corporation sold. The funds from the sale were deposited with the insider, of which less than 25% were retained to by the insider with the remainder being returned back to Debtors' new company in the form of advances or additional loans. In the event it becomes necessary after the amended schedules are completed and filed, Debtors reasonably believe that they can recover funds for the Estate, however the insider will have both "new value" and "normal course of business" defenses to any potential avoidance action. I have reviewed both the sales agreement, the escrow instructions and the accounting for the funds from

**OPPOSITION TO MOTION TO DISMISS**

- 12 -

the "insider" and am preparing full amendments to the schedules to disclose the nature and disposition of the funds.

11.     With the interplay of the Debtors' businesses, multi-state property ownership, funding of family trusts, and associated cases the fee discussed and charged by counsel is reasonable.  This is a multi-property case with an operating corporation (Debtors' personal service corporation) as well as an operating LLC (MCK Arbours, LLC.).  As the Trustee points out there will be multiple motions for cash collateral.  The properties will need to be appraised, requiring motions to employ appraisers, where not already done so and motions to value prosecuted.  Additionally the Debtors will need the assistance of accountants in both the personal side of the case as well as the two operating entities entailing additional motions to employ.  The case already has active creditors as discussed in the Trustee's motion.  This is not a simple Chapter 13 scaled up to Chapter 11.  My billing rate is $350.00 per hour.  From this point going forward it is likely the case will involve sufficient attorney time that fees could exceed the flat fee charged.

12.     Accordingly the fee of $60,000.00 is not out of line with the anticipated work needed in this case.  In any event, this Court will not be asked to approve an earned on receipt fee and any fees to be charged or received by Counsel will be subject to Court approval after full notice and opportunity to be heard.  Additionally all unearned fees will remain property of the Estate and returned to the Estate.  It is premature at this time to say that the estimated fees are excessive in light of the work to be done in these cases.  I

**OPPOSITION TO MOTION TO DISMISS**

- 13 -

have discussed this issue with both my Co-counsel and the Debtors and all parties understand that the attorneys do not get paid without prior Court approval.

13.   There is no excuse for Counsel's failure to timely file a status report in this matter.  Notwithstanding, I have been working with the Debtors to try to obtain a clear picture of ownership issues, status of the Estate and compliance and expects Debtors to be fully in compliance with all Chapter 11 requirements prior to the date of this hearing. Without making excuses for this failure, there was a breakdown of communication in this matter between proposed joint counsel.  Prior to approval of the application to be employed, the only attorney receiving notice of ECF filings is Thomas Giordano as the filing attorney.  Unfortunately I was already meeting with the Clients and preparing documents so Mr. Giordano reasonably believed that I would have received the same notice of status conference and prepare the appropriate status report.  In fact the Court may take notice that the motion for joint administration was filed by me as proposed counsel for Debtors.

14.   As with other cases, I will be proposed to be the lead counsel and responsible for all calendaring of events in Chapter 11 matters.  Attorney Giordano's belief that I would be calendaring deadlines was reasonable in this instance.  This occurrence pointed out a flaw in the joint representation that has since been corrected by providing my office manager with a copy of every ECF notice received by the Giordano firm. Additionally, I had discussions with the US Trustee about this case prior to the

///

deadline and Attorney Giordano again reasonably believed that events were being calendared.

I declare under penalty of perjury of the laws of the State of California and the United States of America, that the foregoing is true and correct. Executed at Westminster, California.

Dated: May 3, 2011.

_____
J. Randy Dorey

OPPOSITION TO MOTION TO DISMISS

| In re:<br>**Ivan Wanchuen Ho**<br>**Karen Kay Ho** | Debtor(s). | CHAPTER: **11**<br>CASE NUMBER: **8:11-bk-12319-ES** |
|---|---|---|

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**18101 Von Karman Ave Suite 560**
**Irvine, CA 92612**

A true and correct copy of the foregoing document described as **OPPOSITION TO MOTION TO DISMISS OR CONVERT CASE; OPPOSITION TO MOTION TO DISGORGE; DECLARATION OF J. RANDY DORCY IN OPPOSITION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __5/4/11__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Michael J Hauser**          michael.hauser@usdoj.gov
**Raymond King**              king@raykinglaw.com
**United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
**Edward T Weber**            bknotice@rcolegal.com
**Kristin A Zilberstein**     bknotice@mccarthyholthus.com
**Marilyn Sorensen**          marilyn.sorensen@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __5/4/11__, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Honorable Erithe A. Smith<br>*United Stated Bankruptcy Judge*<br>United States Bankruptcy Judge<br>411 W Fourth St. Suite 5041<br>Santa Ana, CA 92701 | Michael J Hauser<br>*United Stated Bankruptcy Trustee*<br>411 W Fourth Street<br>Suite 9041<br>Santa Ana, CA 92701 |
|---|---|

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **May 4, 2011** | Karina Ruiz | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

9013-3.1.PROOF.SERVICE

| In re:<br>**Ivan Wanchuen Ho**<br>**Karen Kay Ho**<br>Debtor(s). | CHAPTER **11**<br>CASE NUMBER **8:11-bk-12319** |
|---|---|

Peter C. Anderson
United States Trustee
Michael J Hauser
Attorney for the united States Trustee
411 west fourth Street, Suite 9041
Santa Ana, CA 92701

Abn Amro Mortgage Grou
P.O. Box 9438
Gaithersburg, MD 20898

American First Credit
700 N. Harbor Blvd.
La Habra, CA 90631

Bac Home Loans Servici
450 American St
Simi Valley, CA 93065

Bank Of America
Po Box 17054
Wilmington, DE 19850

Bank Of America
Attn: Bankruptcy NC4-105-02-99
Po Box 26012
Greensboro, NC 27420

Chase
Po Box 901039
Fort Worth, TX 76101

Chase
P.o. Box 15298
Wilmington, DE 19850

Chase
3990 S Babcock St
Melbourne, FL 32901

Commercial / consumer Lending
27710 Jefferson Avenue
A-100
Temecula, CA 92593

IBM Lender Business Process Service
P.O. Box 4121
Beaverton, OR 97076

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re:<br>**Ivan Wanchuen Ho**<br>**Karen Kay Ho**<br>Debtor(s). | CHAPTER **11**<br>CASE NUMBER **8:11-bk-12319** |
|---|---|

King & Associates
140 Newport Center Drive
Suite
Newport Beach, CA 92660

Mb Fin Svcs
P.o. Box 961
Roanoke, TX 76262

Nco Fin /99
Po Box 15636
Wilmington, DE 19850

Nordstrom FSB
Attention:  Bankruptcy Department
Po Box 6555
Englewood, CO 80155

T/emporium
Po Box 5467
Eugene, OR 97405

Victoria's Secret
Po Box 182124
Columbus, OH 43218

Wyrhsr Mtg
3815 South West Temple
Salt Lake City, UT 84115

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                **F 9013-3.1**